IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FELISHA WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:19-cv-618-SMD |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Felisha Walker protectively filed an application for a period of disability,

Supplemental Social Security Income, and Disability Insurance Benefits ("DIB") on March

28, 2017, alleging disability beginning March 3, 2017. The application was denied at the

initial administrative level. Plaintiff then requested and received a hearing before an

Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable

decision, and the Appeals Council denied Plaintiff's request for review. The ALJ's decision

consequently became the final decision of the Commissioner of Social Security

("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case

is now before the Court for review of that decision under 42 U.S.C. § 405(g). Pursuant to

---

[1]   Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry

of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to

Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10). Based on the Court's review

of the record and the briefs of the parties, the Court REVERSES and REMANDS the

decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is

unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of
> Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological
abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[3] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-five years old as of her alleged onset date. Tr. 27, 20. Plaintiff

has a high school education and previously worked as a cook, a personal care aid, and a

nurse's assistant. Tr. 27-28, 206).

Following an administrative hearing, and employing the five-step process, the ALJ

found at Step One that Claimant "has not engaged in substantial gainful activity since

March 3, 2017, the alleged onset date[.]" Tr. 17. At Step Two, the ALJ found that Claimant

suffers from the following severe impairments: "diabetes mellitus; cervical degenerative

disc disease; epilepsy/seizure disorder; peripheral vertigo; obstructive sleep apnea;

gastroesophageal reflux disease (GERD[)]; anemia; obesity; generalized anxiety disorder

and depressive disorder." Tr. 18. At Step Three, the ALJ found that Claimant "does not

have an impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments[.]" Tr. 18.  Next, the ALJ articulated Claimant's

RFC as follows:

> The claimant has the residual functional capacity to perform sedentary work
> . . . except the claimant is precluded from climbing ladders, ropes and
> scaffolds, and from kneeling, crouching and crawling. She can occasionally
> climb ramps and stairs, balance and stoop. The claimant is precluded from
> work at unprotected heights, around hazardous machinery and around open
> bodies of water. She is further precluded from work where driving is an
> essential function of the job. The claimant should avoid concentrated
> exposure to temperature extremes and humidity. She can understand,
> remember, apply and carry out simple, repetitive instructions and can persist
> at that level of complexity for eight hours a day, five days a week
> consistently. The claimant can have occasional interaction with the public,
> co-workers and supervisors; she can adapt to routine changes in the work
> setting that are occasional in nature.

Tr. 21. At Step Four, the ALJ concluded that Plaintiff is "unable to perform any past relevant work." Tr. 27. The ALJ next found, at Step Five, that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 28. Based upon the testimony of the VE, the ALJ identified the following as representative occupations: "assembler of small parts," "circuit board assembler," and "addressing clerk." Tr. 28. Accordingly, the ALJ concluded that Plaintiff "has not been under a disability . . . from March 3, 2017, through the date of this decision[.]"  Tr. 29.

## IV.   PLAINTIFF'S ARGUMENT

Plaintiff argues, *inter alia*, that the ALJ's RFC finding is not supported by substantial evidence. (Doc. 14) at 9-13. Specifically, Plaintiff asserts that the ALJ's RFC finding is inconsistent with her acceptance of the opinion of Dr. Hinton, which she found "persuasive." *Id*. Plaintiff argues that this inconsistency renders either the RFC finding and/or the ALJ's evaluation of Dr. Hinton's opinion unsupported by substantial evidence. *Id*.

## V.   DISCUSSION

### A. Whether the ALJ's RFC Finding is Supported by Substantial Evidence.

In assessing Plaintiff's RFC, the ALJ found, in relevant part, that Plaintiff could "understand, remember, apply and carry out simple, repetitive instructions and can persist at that level of complexity for eight hours a day, five days a week." Tr. 21. In explaining

6

how the ALJ reached this determination, the ALJ addressed the opinion of Dr. Donald

Hinton. The ALJ noted Dr. Hinton found Plaintiff to have

> a mild restriction in understanding, remembering or applying information, a
> mild restriction in interacting with others, a moderate restriction in
> concentrating, persisting or maintaining pace and a mild restriction in
> adapting or managing oneself. **In terms of the claimant's mental residual**
> **functional capacity, Dr. Hinton opined the claimant is moderately**
> **limited in the ability to understand and remember detailed or complex**
> **instructions. The claimant can understand and remember short and**
> **simple instructions/tasks but not those more detailed or complex. The**
> **claimant is moderately limited in the ability to maintain concentration**
> **for extended periods. The claimant can attend and concentrate for two-**
> **hour periods. The claimant can maintain attention sufficiently to**
> **complete simple tasks without the need for special supervision or more**
> **than usual and customary rest breaks[.]** Dr. Hinton's 'paragraph b'
> findings are inconsistent with the findings, above, with the exception of the
> moderate limitation in concentrating, persisting or maintaining pace. Thus,
> his opinion of the claimant's mental residual functional capacity, is likewise
> less restrictive than the residual functional capacity, above. The overall
> treatment evidence supports moderate limitations in all four areas of
> capacity, above. The overall treatment evidence supports moderate
> limitations in all four areas of mental functioning that necessitate
> accommodation in the claimant's residual functional capacity**. Accordingly,**
> **this opinion is only persuasive in terms of the third area of mental**
> **functioning (concentrating, persisting or maintaining pace) and the**
> **corresponding mental limitations in the residual functional capacity**
> **because it is generally consistent with the overall treatment evidence and**
> **the claimant's residual functional capacity.** Otherwise, the opinion is not
> persuasive.

Tr. 26 (emphasis added).

Interestingly, although the ALJ found Dr. Hinton's opinion "persuasive" as to the

third area of mental functioning—which "necessitate[d] accommodation" in Plaintiff's

RFC and its "corresponding mental limitations"—the ALJ ultimately concluded that

Plaintiff could "understand, remember, apply and carry out simple, repetitive instructions

and c[ould] persist at that level of complexity for eight hours a day, five days a week." This is curious, considering Dr. Hinton's seemingly contrasting opinion, upon which the ALJ supposedly relied, that Plaintiff could only "attend and concentrate for two-hour periods." A further review of the ALJ's opinion does not indicate *why* the ALJ concluded that Plaintiff could persist for eight hours a day instead of for two-hour periods. Neither does the opinion point to any specific evidence that supports that conclusion or contradicts Dr. Hinton's opinion.[4] Because the opinion fails to indicate the basis for the RFC determination that Plaintiff can concentrate for eight hours per day, the undersigned cannot conclude that substantial evidence supports the ALJ's RFC determination, particularly as it to Plaintiff's mental function. Therefore, the undersigned concludes that this matter should be reversed and remanded for further proceedings. Upon remand, should the ALJ determine that Plaintiff's mental function remains as currently set forth in Plaintiff's RFC, the ALJ should

---

[4] The Commissioner argues that, in assessing Plaintiff's RFC, the ALJ must have considered an 8-hour workday and a 5-day workweek *with normal breaks* because such is required when assessing a claimant's ability to perform sedentary work. (Doc. 17) at 8. For support, the Commissioner relies upon Social Security Ruling 96-9p. SSR 96-9p, 1996 WL 374185, at * 6 (July 2, 1996) ("In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals."). However, the portion of the SSR cited by the Commissioner deals with *exertional* limitations and their erosion of a claimant's ability to perform sedentary work. At issue here are Plaintiff's *non-exertional* limitations that erode her ability to perform sedentary work. Therefore, the Commissioner's reliance upon what the ALJ must consider when assessing the impact of a claimant's exertional limitations on her ability to perform sedentary work does not necessarily indicate that those same considerations were applied to Plaintiff's non-exertional limitations on her ability to perform sedentary work.

Importantly, Dr. Hinton did not suggest that Plaintiff was unable to sit for more than two hours due to a physical restriction; instead, the restriction was based upon Plaintiff's ability to "attend and concentrate," which has nothing to do with Plaintiff's physical ability to remain seated. At a minimum, the ALJ's opinion is unclear as to whether normal work breaks are required within Plaintiff's RFC because of her mental restrictions, and the undersigned will not read such a requirement into the opinion, as the Commissioner suggests.

set forth the evidence within the record to sufficiently support that conclusion. If breaks are required at certain intervals during the workday, the ALJ should construct Plaintiff's RFC to account for such.

## VI.    CONCLUSION

For the reason given above, the undersigned concludes that the decision of the Commissioner is REVERSED and REMANDED to the Commissioner for further proceedings.  A separate judgment will issue.

Done this 27th day of August, 2020.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE